**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

SHANNON TYRONE CRAIG,

    Plaintiff,

v.

MOONRAKER APTS.,

    Defendant.

Civil No. 12-1777 (RHK/JJK)

**REPORT AND RECOMMENDATION**

---

Plaintiff, an Iowa state prison inmate, commenced this action by filing a civil complaint, and an application for leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) The matter has been assigned to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.

Because Plaintiff is a prisoner, he is required to pay an initial partial filing fee before he can proceed IFP. See 28 U.S.C. § 1915(b)(1). On August 23, 2012, the Court ordered Plaintiff to pay an initial partial filing fee of $21.41 within twenty (20) days. (Docket No. 4.) Plaintiff did not pay his initial partial filing fee as ordered, but he instead filed a motion asking to be excused from paying that fee. (Docket No. 6.) Based on the representations made in Plaintiff's motion, the Court now finds that Plaintiff has "no assets and no means" by which he can pay an initial partial filing fee. See 28 U.S.C. § 1915(b)(4). The Court will therefore recommend that Plaintiff's motion to be excused from paying his initial partial filing fee be granted. However, the Court will also recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, for the reasons discussed below.

## I. BACKGROUND

Plaintiff is attempting to sue a single Defendant identified as "Moonraker Apts." The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

"Lost all of my property. Stole all of my property. Wrongful eviction."

Based on this brief accusation alone, Plaintiff is seeking a judgment against Defendant for $1,000,000.00.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state a cause of action on which relief can be granted, a claimant must allege a set of specific historical facts, which, if proven true, would entitle the claimant to some redress against the defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). The facts supporting a plaintiff's claims must be clearly set forth. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed

a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current pleading does not meet this standard. Plaintiff has not alleged any facts that could support any claim against the named Defendant based on any legal theory. Therefore, Plaintiff's complaint fails to state a cause of action on which relief can be granted.

## III. CONCLUSION

Because Plaintiff has not pleaded an actionable claim for relief, the Court must recommend that his IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350 filing fee.[1] Plaintiff has not yet paid any fee in this matter, so he still owes the full $350. Prison officials will have to deduct that amount from Plaintiff's trust account, and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Because Plaintiff has not pleaded an actionable claim for relief, the Court will further recommend that his pending motion for

---

[1] Under the Prison Litigation Reform Act, ("PLRA"), prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

appointment of counsel, (Docket No. 3), be summarily denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief). Finally, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

**IV. RECOMMENDATION**.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's motion to be excused from paying an initial partial filing fee, (Docket No. 6), be **GRANTED**;

2. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

3. Plaintiff's motion for appointment of counsel, (Docket No. 3), be **DENIED**;

4. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

5. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2); and

6. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated:   October 18, 2012

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 1, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.